IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02539-PSF-BNB

EUGENE FODOR, a Colorado resident,

        Plaintiff,

v.

VERNON HARTMAN, a Pennsylvania resident; and
IMPRESARIO PRODUCTIONS, LLC, a Pennsylvania limited liability company,

        Defendants.

---

## ORDER ON PENDING MOTIONS

---

        This matter comes before the Court on Defendants' Amended Motion to Dismiss,

or in the Alternative to Transfer Venue (Dkt. # 22), filed February 20, 2006, and

Defendant's Motion to Stay Proceedings (Dkt. # 19) pending a ruling on the motion to

dismiss or transfer, filed February 17, 2006.  Plaintiff filed a combined response to the

defendants' Motion to Dismiss, or in the Alternative to Transfer Venue on March 9,

2006 (Dkt. # 32) and a response to the Motion to Stay Proceedings on the same date

(Dkt. 33).  Defendants filed their reply brief in support of their motion to dismiss on

March 22, 2006 (Dkt. # 36) and their reply in support of their motion to stay on the

same date (Dkt. # 37).  The matter is ripe for determination.

## I.  BACKGROUND

        Plaintiff, Eugene Fodor, a virtuoso violinist, filed his complaint in this Court on

December 14, 2005 against Defendant Vernon Hartman, an individual who allegedly

resides in Pennsylvania, and against Impressario Productions, LLC ("Impressario"),

allegedly a Pennsylvania limited liability company wholly owner by Hartman.

Jurisdiction is premised solely on diversity of citizenship, 28 U.S.C. § 1332 (Complaint ¶

5).  Venue in this district is premised solely on 28 U.S.C. § 1391(a)(2) (*id.* at ¶ 6).  All of

plaintiff's seven claims for relief against the defendants arise out of an alleged business

arrangement between the parties, and a nonparty named Gideon Toeplitz, to organize,

prepare, and promote a 2006 concert tour featuring Fodor, and apparently to be known

as the "Four Violins Tour."  (*Id.* at ¶¶ 10, 14).

Plaintiff alleges that in early 2005 he began discussing a possible concert tour

and had discussions with Hartman and Toeplitz to prepare and promote the proposed

tour, and also retained Toeplitz to assist Impressario in planning the concert tour (*id.* at

¶¶ 10, 13).  According to his complaint, Fodor retained Impressario to promote the tour,

paying $37,500 as a consulting fee (*id.* at ¶ 13).  The complaint alleges that Hartman

suggested to plaintiff the formation of a limited liability production company capitalized

by Fodor to promote the tour, and the use of company funds to reserve concert venues,

obtain corporate sponsors and provide business services, from which plaintiff, Toeplitz

and Hartman would split the profits equally (*id.* at ¶ 14).  The complaint further alleges

that in February 2005, Hartman arranged for Fodor and Toeplitz to sign bank signature

cards at Commerce Bank for the "Four Violins Tour, LLC", which Hartman advised

plaintiff he had formed as a Pennsylvania limited liability company (*id.* at ¶ 15).  Based

on Hartman's representation that an operating agreement memorializing the venture

would be "forthcoming," Fodor signed the bank card and provided $25,000 in capital to

2

the LLC as Hartman requested (*id.*)   Plaintiff alleges that "[o]ver the next few months"

he was advised by Hartman that progress was being made on securing concert venues

and corporate sponsors (*id.* at ¶ 16).  Plaintiff alleges that he proceeded to secure

musicians for the proposed tour and paid additional sums to Hartman (*id.* at ¶ 17).

Plaintiff avers that in September 2005 he discovered that Hartman had not

secured dates for concert venues, had not arranged corporate sponsorships, had

provided sponsorship letters that were "illegitimate" and containing forged signatures,

had not filed the documents to organize the LLC as a viable entity, and had used funds

from the LLC bank account to pay himself (*id.* at ¶¶ 19-20).  As a result, plaintiff alleges

that he has had to cancel the musicians and advise them that the tour would not

proceed in 2006 and lost performance opportunities himself (*id.* at ¶ 21).  Plaintiff claims

as a result of Hartman's conduct he has suffered out of pocket expenses, lost earnings,

lost profits and damages to his reputation with musicians and industry professionals (*id.*

at ¶ 22).

## II.  PLAINTIFF'S COMPLAINT AND DEFENDANTS' RESPONSE

As noted, plaintiff alleges seven claims for relief arising out of these events.  The

First Claim for Relief, alleging breach of contract, is asserted against Impressario.  The

remaining six claims for relief are torts claims alleged against Hartman, including

fraudulent misrepresentation, concealment, negligent misrepresentation, breach of

fiduciary duty, conversion and civil theft.

Defendants assert that all the claims are subject to dismissal for lack of personal

jurisdiction over them in Colorado under the Colorado long-arm statute (Defendants'

3

Amended Motion at 2-11).  Defendants also assert that venue in this district is improper

under 28 U.S.C. 1391(a)(2) and therefore venue should be dismissed or transferred to

the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) (Defendants'

Amendced Motion at 12).  Finally, defendants assert, in the alternative, that venue

should be transferred to the Eastern District of Pennsylvania for the convenience of the

parties and witnesses, pursuant to 28 U.S.C. § 1404(a).

## III.  ANALYSIS

For the reasons set forth below, the Court finds that venue is not proper in this

district under F.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1391(a)(2), and that venue should be

transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).  In

reaching this result, the Court need not determine whether or not defendants are subject

to personal jurisdiction in Colorado, for as the United States Supreme Court stated in

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962), "[t]he language of § 1406(a) is

amply broad enough to authorize the transfer of cases, however wrong the plaintiff may

have been in filing his case as to venue, whether the court in which it was filed had

personal jurisdiction over the defendants or not."  *See also Hapaniewski v. City of*

*Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989), *cert. denied*, 493 U.S. 1071 (1990).

("personal jurisdiction over the defendant is not a prerequisite for district courts to utilize

the transfer provision in § 1406(a)").

### A.  Dismissal Under F.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1391(a)(2)

Rule 12(b)(3) provides improper venue as a defense.  Once venue is challenged,

as occurred here, the burden is on the plaintiff to show proper venue. *See e.g. Ervin and*

*Assoc., Inc. v. Cisneros,* 939 F. Supp. 793, 796 (D. Colo.1996).  The only asserted basis

for venue in this diversity case is 28 U.S.C. § 1391(a)(2), which provides, in pertinent

part, for venue in "a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred . . . ."  While plaintiff's complaint sets forth the details of

the business arrangement between himself and defendants, as well as the events that

followed after the formation of the business relationship, the allegations do not set

generally set forth where these events occurred,[1] nor is there any explanation as to the

basis for plaintiff's allegation that venue in this district is proper under 28 U.S.C. §

1391(a)(2).  *See* Complaint at ¶ 6.

Defendants' Amended Motion, however, does provide some detail as to where

the events giving rise to the claims occurred.  The sworn declaration of Defendant

Hartman, attached as Exhibit A to the Amended Motion, attests that the initial contact

between plaintiff and Hartman occurred in January 6, 2005, when plaintiff telephoned

Hartman in Pennsylvania (Hartman Affidavit, ¶ 4).  Plaintiff and Hartman had their initial

meeting in New York City on February 10, 2005, when Hartman agreed to travel to New

York to meet with plaintiff, and others regarding the potential tour (*id* at ¶ 6).  On

February 15, 2005, plaintiff telephoned Hartman from a New York airport to advise that

he had decided to retain Impressario as the tour producer (*id.* at ¶ 7).  Plaintiff

requested Hartman to arrange a meeting with Toeplitz, whom plaintiff requested to

---

[1] The only allegation regarding location appears in paragraph 15 of the Complaint, where plaintiff alleges that he and Toeplitz signed signature cards at a Commerce Bank. However, even that paragraph does not allege where Commerce Bank is located. Nonetheless, defendants have attached plaintiff's Rule 26(a)(1) disclosures to their motion indicating that the bank is located in Doylestown, Pennsylvania.

assist in the tour project, and such meeting was held in New York City on February 18, 2005 (*id.* at ¶¶ 7 and 9).  Hartman states that it was agreed that thereafter he would consult with his Pennsylvania attorney/accountant about setting up a financial entity for the tour and obtaining relevant business accounts[2] (*id.* at ¶ 10).  Hartman asserts that thereafter he worked on the project "principally from Impressario's offices in Pennsylvania." (*id.* at ¶ 11).  Conversely, Hartman states that he never traveled to Colorado to work on this project or to conduct any tour production activities (id. at ¶ 12). He does state that he would occasionally telephone plaintiff in Colorado, or mail or e-mail communications to plaintiff in Colorado (*id.* at ¶ 12).

Plaintiff submitted his own affidavit, attached as Exhibit A to his Opposition Brief (Dkt. # 32), in which he describes how he learned of Impressario and Hartman through a website, "which was available to [him] in Colorado."  (Fodor Affidavit at ¶¶ 11-12). Plaintiff does not contest Hartman's assertion that it was plaintiff who initiated the contact between them.  While plaintiff's affidavit describes at length the features and operations of the website, it appears that his first direct contact with Hartman came as a result of a telephone call to Hartman (*id.* at ¶ 26).  Plaintiff states he placed the call from Colorado but does not state where Hartman was at the time.  Plaintiff states that defendants mailed him a contract proposal to Colorado, and later "a copy of their letter of agreement" (*id.* at ¶¶ 30-31), but does not state whether, or where, these were

---

[2] Defendants' Amended Motion (at 10) states that the name of the attorney/accountant is Ron Beckman and that he is a Pennsylvania resident.  Plaintiff's Rule 26(a)(1) disclosures list Ron Beckman as a person who has knowledge regarding the Four Violins Tour, LLC and its bank accounts.  See Exhibit B to Defendants' Amended Motion at 3.

accepted and no copies have been provided to the Court.  Plaintiff also asserts that he received mail, emails and phone calls from defendants in Colorado, and mailed payments to defendants from Colorado (*id.* at ¶¶ 32-33).  He claims that defendants sent him "forged sponsor commitments via email" to Colorado (*id.* at ¶ 36).  Finally, plaintiff asserts that "[m]any of the key elements necessary for this joint venture were to be performed by me in Colorado," by which he means practicing the violin and reviewing music in Colorado (*id.* at ¶ 39).

In *Goff v. Hackett Stone Co.*, 185 F.3d 874 at *1 (Table), 1999 WL 397409 (10th Cir., June 17, 1999), the Tenth Circuit panel stated that "venue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim, the 'focus [is] on relevant activities of the defendant, not of the plaintiff.'" quoting *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir.1995).  *See also LeRoy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1994), in which the Supreme Court stated: "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." (Footnote omitted; emphasis in original).  Applying this standard to the instant case, it appears that all the significant acts undertaken by defendant that give rise to plaintiff's claims occurred outside the District of Colorado, either in New York or Pennsylvania, and venue under 28 U.S.C. § 1391(a)(2) would not lie in this district.

Courts in other circuits have held that acts or omissions must be more than tangentially connected to a particular location to qualify as "substantial" under § 1391(a)(2).  *See Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 455 (E.D. Pa. 2003)

7

and cases cited therein.  These courts recognize that the "substantiality" requirement is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute.  *See Cottman Transmission Systems, Inc., v. Martino,* 36 F.3d 291, 294 (3d Cir. 1994).  Hence, the test for determining venue is not the defendant's "contacts" with a particular district, but rather the location of those "events or omissions giving rise to the claim," theoretically a more easily demonstrable circumstance than where a claim "arose." *Cottman Transmission Systems, Inc., supra*, 36 F.3d at 294.

Under this test, plaintiff's averments that Hartman may have made telephone calls to him in Colorado, or sent him mailings or email relating to unspecified business matters, is not indicative of "substantiality."  This is particularly true since no specific content of these calls or mailings is related in plaintiff's affidavit and the Court cannot determine if these are acts or omissions that give rise to plaintiff's claims, or are merely tangential contacts.

Furthermore, while plaintiff asserts in his affidavit that the damage to his reputation occurred in Colorado, where he resides (Fodor Affidavit at ¶ 42), the Court notes that the locus of damage to a plaintiff has not been found to be the basis for setting venue.  *See Woodke v. Dahm, supra*, 70 F.3d at 985.  Plaintiff also fails to explain how his reputation in Colorado was tarnished by defendants' alleged acts and omissions.

Finally, as stated in *Cottman* because it is the location of those "events or omissions giving rise to the claim," that are most significant, it is necessary to focus on

8

the particular claims asserted by the plaintiff.  Plaintiff's First Claim alleges that

defendant Impressario breached its contract with plaintiff to provide "professional

assistance in the promotion and production of a concert tour" (Complaint at ¶ 24).

There is no allegation in plaintiff's complaint, or any evidence in his affidavit, that

Impressario was to perform these activities in Colorado, or that the alleged non-

performance occurred in Colorado.  The remaining tort claims allege a variety of

misrepresentations and other wrongful conduct allegedly undertaken by Hartman.  But

again, there are no allegations in plaintiff's complaint, or any evidence in his affidavit,

that Hartman engaged in the alleged activities in Colorado, or even that any concert

contemplated was to be held in Colorado.

For these reasons the Court finds that a substantial part of the events or

omissions giving rise to the claims alleged by plaintiff did not occur in Colorado, and

thus under 28 U.S.C. § 1391(a)(2), venue in the District of Colorado is not proper.  On

the other hand, this finding does not necessarily mean that venue in Pennsylvania is

proper, as some of the significant acts appear to have occurred in New York.

Accordingly, the Court considers the motion to transfer venue under 28 U.S.C. §

1406(a)

## B.  Transfer of Venue Under 28 U.S.C. § 1406(a)

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a

case laying venue in the wrong division or district shall dismiss, or if it be in the interest

of justice, transfer such case to any district or division in which it could have been

brought."  Notwithstanding the lack of venue in this district, this Court declines to

dismiss this case but rather, in the interest of justice, transfer it to a district where it could have been brought.

Defendants argue that this case should be transferred to the Eastern District of Pennsylvania. The case could certainly have been brought there, as that is where defendants reside. *See* 28 U.S.C. § 1391(a)(1). Moreover, in support of their argument Defendants have attached plaintiff's Rule 26(a) disclosures to their motion (Exhibit B to Defendant's Motion). As defendants point out, these disclosures by plaintiff list 30 "persons with knowledge" as potential witnesses, some of which are actually entities rather than individuals. All but two of the listed persons or entities (plaintiff and his wife) are listed as located outside the District of Colorado, or no location is given. While this supports the finding that venue in Colorado is not proper, it does not necessarily demonstrate that the Eastern District of Pennsylvania is the preferred venue. However, upon review of the potential witnesses, it appears that the persons who seem to be most relevant to plaintiff's claims, such as Hartman's attorney/accountant, representatives of the Commerce Bank, defendants themselves and the employees of defendants, if any, are specifically known to be in Pennsylvania.

Plaintiff has apparently made no substantive response to the defendants' motion to transfer venue under 28 U.S.C. § 1406(a), other than to express his general opposition to the motion (Plaintiff's Response at 15). Nor does plaintiff's affidavit contradict any of the statements made by defendants regarding the locations of witnesses. Thus the Court is left with the unrefuted arguments that the Eastern District of Pennsylvania is the appropriate venue for a transfer of venue of this case. The Court

10

therefore finds that transfer of this case to the Eastern District of Pennsylvania is warranted pursuant to 28 U.S.C. § 1406(a). In light of this finding, no additional venue determination under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice," is necessary.

**IV.  CONCLUSION**

Defendants' Amended Motion to Dismiss, or in the Alternative to Transfer Venue (Dkt. # 22), filed February 20, 2006, is DENIED in part and GRANTED in part.  It is denied to the extent that it requests dismissal of this case, and granted to the extent it argues that venue in this district is not proper and that this case should be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).  As a result the Court does not reach the argument that requests dismissal of this case for lack of personal jurisdiction over the defendants.  Therefore that portion of the motion seeking dismissal of this case for lack of personal jurisdiction is denied as moot.

Defendant's Motion to Stay Proceedings (Dkt. # 19) is also DENIED as moot, in light of this order.

The status conference set for June 27, 2006 is VACATED.

The Clerk of the Court is directed to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

DATED:  May 30, 2006

BY THE COURT:

*s: Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge